UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| JERRY MUHAMMAD, | ) | CASE NO. 5:08 CV1752 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| COPLEY TOWNSHIP BOARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is *pro se* plaintiff Jerry Muhammad's *in forma pauperis* complaint filed July 22, 2008 based on federal question jurisdiction.[1] Mr. Muhammad seeks relief for acts committed by defendants Copley Township Board of Trustees and Copley Police Chief Michael Mier. He seeks $300,000.00 in compensatory relief and $500,000.00 due to negligence.

*Background*

Mr. Muhammad asserts that he filed for a permit on April 14, 2008, to sell ice cream in Copley Township. He was advised that it would take approximately 48 hours to complete a background check. Forty-eight hours after requesting a permit, Plaintiff called Chief Mier to check

---

[1] The Civil Cover Sheet filed with Mr. Muhammad's complaint marked "Federal Question" under paragraph II, "Basis of Jurisdiction."

on the status. After making several calls, Chief Mier warned Mr. Muhammad that he would be arrested on charges of telephone harassment if he continued to frequently call. In response, plaintiff hired an attorney to draft a letter to Chief Mier. The Chief did not reply.

Around April 28, 2008, Mr. Muhammad filed a civil rights complaint against Chief Mier. One month later, plaintiff was advised that he received the permit from Copley Township. At that point, he complains, he had lost $500.00 a day in business revenue. He adds that after he received his permit on May 28, 2008, he agreed with the Civil Rights Commission and agreed to drop the lawsuit.

Chief Miers decided, on or about June 23, 2008, to "outlaw ice cream trucks in Copley Township stating that there could be fraud or felon [sic] involved in this bussiness [sic], which in effect cause [sic] me to loose [sic] bussiness [sic] and also not honor the permit in which I paid for to do to do bussiness [sic] in the township." (Compl. at 2.) He believes that the Chief's decision has labeled him a "criminal by innuendo, there for causing my bussiness [sic] to fail." (Compl. at 2.)

*Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319

---

[2] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753
(continued...)

(1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

### *Federal Question*

Federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231(1990) and a federal court may not entertain an action over which it has no jurisdiction. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982).

In an article attached to his complaint, it is explained that the Copley Township Board of Trustees unanimously voted to prohibit transient vendors from selling or soliciting orders within the Township, "excluding those individuals who represent religious, charitable or school groups. Sean Patrick, *Copley Limits Transient Vendor Solicitations*, Akron Ohio News (June 26, 2008) http://www.akron.com/akron-ohio-community-news.asp>.  Mr. Muhammad's claim is apparently that, even if he could have continued his business in Copley Township, he has been labeled a "criminal by innuendo," which has injured his business.

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  *Id*. at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most

---

(...continued)
F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

successful strategies for a party." *Id*. at 1278.

Further, legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987); *see Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971) (A pleading will not be sufficient to state cause of action under Civil Rights Act if its allegations are but conclusions). Given the most liberal construction, the complaint does not set forth a valid claim for relief.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e) and plaintiff's motion to proceed in forma pauperis is granted. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 11/4/08

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.